2022 IL App (1st) 211568

No. 1-21-1568

Third Division
November 30, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DIRECT AUTO INSURANCE COMPANY, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19 CH 8978 |
| | ) | |
| TEKESHIA O'NEAL, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Raymond Mitchell, |
| | ) | Judge Presiding. |

_____

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice McBride and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1     The instant insurance coverage dispute stems from an automobile collision between Tekeshia O'Neal (defendant) and Julio Jimenez. After it was determined that Jimenez was not insured for the collision, defendant's attorney, Bradley Cheskes, sent defendant's insurer, Direct Auto Insurance Company (DAI or plaintiff), a letter informing them of the collision,

and defendant's claim for uninsured motorist coverage, but sent the information to an old address (which was stated in DAI's policy), and as a result, DAI did not receive actual notice until 23 months after the collision. Defendant's insurance policy with DAI required notice to be given within 30 days of a collision. Apparently, DAI did not investigate the collision, and instead DAI filed a declaratory action, asking the court to find that it did not owe defendant coverage as a result of the late notice. DAI subsequently moved for summary judgment, but the trial court denied that motion, reasoning that there were still issues of fact that had to be resolved at trial, including when DAI first received notice. Following a bench trial, the court found that although DAI did not actually receive notice until 23 months after the collision, DAI still owed coverage because Cheskes substantially complied with the policy's notice provision, and DAI suffered no prejudice due to the delay. DAI filed a timely notice of appeal, arguing it does not owe coverage due to defendant's noncompliance with the notice provision. For the following reasons, we affirm the trial court's decision.

¶ 2                                    I. BACKGROUND

¶ 3         On August 9, 2017, defendant was involved in an automobile collision with Jimenez. The extent of the damage to the motor vehicle caused by the collision is unclear. Neither defendant nor Jimenez testified regarding the collision, and neither party discusses bodily or property damage in its brief. However, the record includes a report from Cook County Hospital that indicates defendant was treated there on August 9, 2017, but the report does not mention the injuries sustained. The total balance for that day's hospital services, which included X-rays and medication, was $1017.81. The record also includes a statement from the City of Chicago Emergency Medical Services in the amount of $1067 for transporting defendant to the hospital by ambulance.

¶ 4      The day after the collision, Cheskes faxed an attorney's lien notice relating to the collision to Jimenez's alleged insurer, American Access Insurance Company (AAIC). On January 31, 2018, AAIC denied coverage to Jimenez. According to Cheskes's affidavit, he sent a notice to DAI by certified mail on February 2, 2018. The notice was mailed to two addresses: a South Wells Street address set forth in DAI's policy, and a P.O. box listed on the letterhead of certain DAI correspondence. Unsigned return receipts were returned to Cheskes. The original envelopes that contained the notices Cheskes mailed were not attached. According to his trial testimony, the fact that the original letters were not attached to the return receipts led him to believe that the notices were received.

¶ 5      Defendant's insurance policy with DAI requires notification to DAI within 30 days of any accident as a condition precedent to coverage. More specifically, it reads, in relevant part,

"3. Notice

A. *** As a condition precent to coverage, within 30 days of any accident, occurrence or loss, regardless of fault, the Company must receive written notice containing at least the following information.***

C. Written Notice to the Company Defined. All written notices from the insured(s) required by this policy shall be made by certified mail, return receipt requested, or by personal hand delivery with signed receipt. All written notices must be received by the company in order to be valid. A receipt which has been signed for by the company shall create a rebuttable presumption that such notice was received by the company, and the date of receipt or the date mailed as evidenced by the envelope, whichever is earlier, shall be the date of the notice. All notices shall be delivered and/or addressed to the company at:

Direct Auto Insurance Company

330 S Wells Street, Suite 910

Chicago, Illinois 60606"

¶ 6        Cheskes did not receive any correspondence from DAI to confirm receipt of the February 2, 2018, letters that he mailed. On June 20, 2019, he faxed another copy of his attorney's lien as well as an arbitration demand for personal injuries sustained by his client to DAI. On June 24, 2019, Cheskes filed for arbitration with the American Arbitration Association (AAA) under the Illinois uninsured/underinsured motorist arbitration procedures set forth in the policy. The insurance policy defendant carried with DAI included uninsured motorist coverage for bodily injury up to $25,000 per person and up to $50,000 per accident, and the policy provided coverage for property damage up to $15,000 per accident. On or about July 2, 2019, AAA notified Cheskes via e-mail and DAI via fax of its receipt of Cheskes's arbitration demand. According to DAI's vice president of claims, Michael Torello, DAI first received notice of the claim on July 9, 2019.

¶ 7        On August 1, 2019, DAI filed the complaint for declaratory judgment urging the court to find that DAI does not owe coverage to defendant due to defendant's failure to comply with the insurance policy's notice provision. On December 19, 2019, defendant answered DAI's complaint for declaratory judgment. In her answer, defendant admitted that she generally had a duty to provide DAI with notice, but "specifically denie[d] that notice was first given on the 'eve of 2 years later' and [that] notice was material to the risk and claim insured against."

¶ 8        On April 2, 2021, DAI moved for summary judgment against defendant pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2020)). DAI argued that it is entitled to judgment because it has "shown a clear breach of contract by O'Neal" and "[t]here

are no disputed facts." In response, defendant argued that there were multiple material questions of fact, including when notice was given to DAI and whether Jimenez was insured. The court denied DAI's motion for summary judgment because "there exist[ed] issues of fact that are disputed and must be resolved in trial, including when [DAI] first received notice of the accident, whether that notice was reasonable, and whether that notice given at such timing prejudiced [DAI]."

¶ 9 The matter proceeded to a bench trial. The trial court rendered its decision concluding that DAI owes coverage to defendant. In so holding, the trial court, based on the testimony of Torello, found that the evidence "credibly demonstrate[d] that [DAI] did not receive actual notice until July 9, 2019." Nonetheless, the trial court found that the evidence established that defendant's counsel "substantially complied with the policy's notice provision in February 2018," when he mailed notices to two addresses that he believed to be DAI's. The trial court also noted that "23 months is an extraordinarily [*sic*] delay in providing notice" but found that DAI did not meet its burden in proving that defendant's notice was unreasonable given "the unique circumstances of th[e] case, with a credible explanation for the delay coupled with the absence of demonstrable prejudice to Plaintiff stemming from the delayed notice." This timely appeal of the trial court's judgment follows.

¶ 10 II. ANALYSIS

¶ 11 On appeal, DAI argues that, because defendant's notice to DAI was untimely, the trial court erred in finding that DAI owes coverage to defendant.

¶ 12 "[W]here this court must construe the terms of a contract or an insurance policy, as we must do in this case, the court is presented with a *** question of law, and our review is *de novo*." *West Bend Mutual Insurance Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978,

¶ 30 (citing *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391, 399-400 (2010); *State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co.*, 226 Ill. 2d 395, 400 (2007)).

¶ 13    An insurance policy is a contract, and the rules applicable to contract interpretation govern the interpretation of an insurance policy. *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 433 (2010). Our primary function is to ascertain and give effect to the intention of the parties, as expressed in the policy language, and if the language is unambiguous, we will apply a provision as written unless it contravenes public policy. *Munoz*, 237 Ill. 2d at 433. When construing the language of an insurance policy, we must assume that every provision was intended to serve a purpose and must consider the policy as a whole, rather than as isolated parts. *Munoz*, 237 Ill. 2d at 433.

¶ 14    A notice provision in an insurance contract is a "valid prerequisite[ ]" to coverage under the policy. *Country Mutual Insurance Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 311 (2006); *Berglind v. Paintball Business Ass'n*, 402 Ill. App. 3d 76, 85 (2010) ("notice provisions are not merely technical requirements but, rather, conditions precedent to the triggering of the insurer's contractual duties"). "Provisions in policies stating when the insurer must be notified of a covered occurrence have generally been interpreted to require notification of the company within a reasonable time, considering all the facts and circumstances of the particular case." *American Family Mutual Insurance Co. v. Blackburn*, 208 Ill. App. 3d 281, 288 (1991); *Barrington Consolidated High School v. American Insurance Co.*, 58 Ill. 2d 278, 281 (1974). "Whether notice has been given within a reasonable time depends on the facts and circumstances of each case." *Livorsi Marine*, 222 Ill. 2d at 311-12.

¶ 15    It is critical to note that "[o]nly a material breach of a contract provision will justify nonperformance by the other party." *InsureOne Independent Insurance Agency, LLC v. Hallberg*, 2012 IL App (1st) 092385, ¶ 33 (citing *Israel v. National Canada Corp.*, 276 Ill. App. 3d 454, 461 (1995)). A breach is material when it is "so substantial and fundamental as to defeat the objects of the parties in making the agreement" or when the "failure to perform renders performance of the rest of the contract different in substance from the original agreement." *Village of Fox Lake v. Aetna Casualty & Surety Co.*, 178 Ill. App. 3d 887, 900-01 (1989). "The breach must be so material and important as to justify the injured party in regarding the whole transaction as at an end." *Village of Fox Lake*, 178 Ill. App. 3d at 901. The materiality of a breach depends on

> "whether the breach worked to defeat the bargained-for objective of the parties or caused disproportionate prejudice to the non-breaching party, whether custom and usage considers such a breach to be material, and whether the allowance of reciprocal non-performance by the non-breaching party will result in his accrual of an unreasonable or unfair advantage." (Internal quotation marks omitted.) *William Blair & Co. v. FI Liquidation Corp.*, 358 Ill. App. 3d 324, 346-47 (2005).

"The issue of whether a material breach of contract has been committed is a question of fact, and the trial court's judgment will not be disturbed unless it is against the manifest weight of the evidence." *InsureOne*, 2012 IL App (1st) 092385, ¶ 43 (citing *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 72 (2006)).

¶ 16    In the case at bar, DAI alleges that it did not receive notice from defendant until July 9, 2019, approximately 23 months after the collision, which it claims violates the notice provision of the policy that requires notice to be given within 30 days of an accident. DAI challenges

both the trial court's order denying its motion for summary judgment, as well as the trial court's posttrial order in which it found that DAI had failed to show it was not required to provide coverage. Though we generally review summary judgment decisions under a *de novo* standard of review, "when a case proceeds to trial after the denial of a summary judgment motion, the order denying the motion for summary judgment merges with the judgment entered and is not appealable." *Wheeler Financial, Inc. v. Law Bulletin Publishing Co.*, 2018 IL App (1st) 171495, ¶ 66. Since the instant case proceeded to trial following denial of summary judgment, we do not examine the summary judgment order separately; we look only to the post trial order. Accordingly, the applicable standard of review, as noted, is whether the trial court's decision was against the manifest weight of the evidence.

¶ 17   There is no dispute here that there was a valid contract in the form of an insurance policy between defendant and DAI. Moreover, it is clear that defendant breached the notice provision because she did not provide notice to DAI within 30 days of the collision. However, as noted, only a material breach of a contract provision can justify the other party's nonperformance. In other words, DAI can avoid coverage only if defendant's breach of the insurance policy's notice provision was material. Thus, the threshold inquiry is whether defendant's breach of the notice provision was material under the facts and circumstances of this case.

¶ 18   As noted, in determining whether a breach is material, we must consider, among other things, whether the breach caused prejudice to the nonbreaching party. That is, did DAI suffer any prejudice because of its delayed receipt of notice?

¶ 19   The trial court found that the delayed notice did not prejudice DAI because "nothing had changed in the case." No evidence was lost, and the statute of limitations had not run at the time DAI actually received notice. We note, as the trial court did, that at the time DAI received

notice, it still had time to direct defendant to file a lawsuit against Jimenez if it wished to do so. Though DAI could probably not physically inspect the damaged vehicles, photographs were taken after the collision, and those were and still are available for inspection. According to DAI's own representative, Torello, photographs can serve as the equivalent of a physical inspection. Moreover, defendant states in her brief that she is willing to testify, that medical providers are willing to testify regarding her injuries, and other witnesses listed on the police report are also able to testify regarding the collision and the events thereafter.

¶ 20    Despite the foregoing, there is nothing in the record to suggest that DAI has done anything regarding this matter except for file a declaratory action. DAI has not requested defendant to sue Jimenez, has not attempted to notice defendant or other witnesses for depositions, and has not requested any information concerning the collision or injuries sustained by defendant. Ultimately, DAI chose to file only a declaratory action when it could have preserved possible alternative legal remedies by filing a lawsuit against Jimenez, but chose not to do so. To claim that it has suffered prejudice now as the result of its own inaction is unavailing.

¶ 21    The principles set forth in our prior decisions in *Berglind* and *First Chicago Insurance Co. v. Molda*, 2015 IL App (1st) 140548, confirm our finding on the issue of prejudice in this case. In *Berglind*, we found that an 11-month delay in notice did not prejudice the insurer because the insurer received notice before an order of default was entered and before a judgment was entered on that default. *Berglind*, 402 Ill. App. 3d at 90-91. Thus, the insurer still had the opportunity to hire counsel and attempt to vacate the default order. *Berglind*, 402 Ill. App. 3d at 91. Here, just as the insurer in *Berglind*, DAI still had time to file a lawsuit against Jimenez at the time it actually received notice, and still has the opportunity to investigate the collision and injuries claimed by defendant.

¶ 22    In *Molda*, an insurer sought to avoid coverage for its insured, arguing that, among other deficiencies, the insured did not provide timely notice. *Molda*, 2015 IL App (1st) 140548, ¶ 31. In adjudicating the issue of notice, we considered whether the late notice caused prejudice to the insurer. *Molda*, 2015 IL App (1st) 140548, ¶ 69. We found that the insurer did not suffer prejudice because it had not made any serious attempt to investigate the matter. *Molda*, 2015 IL App (1st) 140548, ¶ 69. The insurer's representative in that case testified that he had not obtained the entire police report, did not attempt to obtain a copy of the vehicle's title, did not interview the insured, and did not attempt to interview the witness or police officer listed in the police report. *Molda*, 2015 IL App (1st) 140548, ¶ 69. Here, just as in *Molda*, DAI has failed to do any of those things and has made no attempt whatsoever to investigate the matter once it received notice of the collision.

¶ 23    We note that an insurance company claiming prejudice due to untimely notice must show what it would have done differently if it had received timely notice. Here, DAI has made no such showing. In its brief, DAI argues that timely notice would have allowed it to demand an IDOT certification from defendant, which, according to DAI, defendant would have been unable to produce, and that would have allowed DAI's and defendant's attorneys to "work out" the reason for AAIC's denial of coverage for Jimenez. DAI argues that it would have had sufficient time to determine negligence and would not be facing a 30-day deadline to file a claim against Jimenez (if it determined that was the appropriate course of action).

¶ 24    However, we are unpersuaded by these highly speculative arguments, given that, as noted above, DAI did absolutely nothing to investigate this matter after it did receive notice. At the time DAI chose to file the declaratory action, it still had time to investigate and file a lawsuit. Moreover, DAI can *still* demand an IDOT certification of Jimenez's lack of insurance, can *still*

demand Jimenez's insurance information from AAIC, and can *still* investigate the accident by examining post collision photographs, deposing defendant, and soliciting other witness testimony.

¶ 25       Based on the foregoing, we cannot find that DAI was prejudiced. Since DAI was not prejudiced, defendant's breach was not material, and DAI must provide coverage. Accordingly, we conclude that the trial court's ruling that DAI owes coverage to defendant was not against the manifest weight of the evidence.

¶ 26                                III. CONCLUSION

¶ 27       For the reasons set forth above, we affirm the trial court's decision finding that DAI owes coverage to defendant.

¶ 28       Affirmed.

---

*Direct Auto Insurance Co. v. O'Neal*, **2022 IL App (1st) 211568**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-CH-8978; the Hon. Raymond Mitchell, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Samuel A. Shelist, of Shelist & Pena LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Angela P. Kurtz, of Law Office of Bradley T. Cheskes, of Chicago, for appellee. |

---