NOTICE
Decision filed 08/07/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230934-U

NO. 5-23-0934

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| DENISE McATEER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 22-MR-193 |
| | ) | |
| USAA CASUALTY INSURANCE COMPANY, | ) | Honorable |
| | ) | Ronald J. Foster Jr., |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order granting summary judgment is affirmed where plaintiff conceded that she never provided notice, or obtained insurer's consent, prior to settling her underlying motor vehicle claim, and those actions were required for plaintiff to receive underinsured motorist benefits (UIM) under her personal insurance policy.

¶ 2    Plaintiff, Denise McAteer, appeals the trial court's July 18, 2023, order granting summary judgment to defendant, USAA Casualty Insurance Company. For the following reasons, we affirm the trial court's decision.

¶ 3                                   I. BACKGROUND

¶ 4    On August 18, 2022, plaintiff, Denise McAteer, filed a complaint against defendant, USAA Casualty Insurance Company (USAA). USAA is Denise's insurer. The complaint requested payment of underinsured (UIM) benefits stemming from a motor vehicle accident on October 15,

1

2015, in which Denise was injured. The complaint alleged that Denise received the maximum available payment ($50,000) from the other driver's insurer, State Farm Insurance Company, on July 15, 2022; however, that amount was insufficient to pay her medical bills. The complaint alleged that USAA had not responded to her request for arbitration, her correspondence, or assigned defense counsel to the claim. Attached to the complaint was the declaration policy with USAA, and copies of the correspondence sent to them.

¶ 5 On August 31, 2022, USAA filed its answer essentially denying the relevant allegations. It further alleged eight affirmative defenses. The defenses included: (1) the reduction of sums paid or payment under workers compensation or similar disability benefits; (2) a set off for all payments made to plaintiff under the medical payment portion of the policy; (3) Denise's claim of action was barred by the terms, conditions, and exclusions of the policy; (4) Denise's claim of action was barred by the doctrines of waiver, estoppel, and/or *laches*; (5) Denise's claim of action was barred by her failure to comply with all terms, conditions, and exclusions of the policy including conditions precedent or subsequent; (6) Denise's claim of action was barred by the statute of limitations; (7) Denise's claim was barred by failure to make a claim within two years of the accident or one year after she became aware of the claim; and (8) Denise's claim was barred by her settlement of her claim against the allegedly underinsured motorist, Catherine Lalich, without notifying USAA of the tentative settlement, which was required under the policy, and her failure to do so prejudiced USAA's rights.

¶ 6 On November 9, 2022, Denise moved for partial summary judgment on the issue of arbitration. The pleading argued that USAA was aware of the prior lawsuit in Missouri against the underinsured driver and USAA paid medical expenses during that period. It further alleged that the prior lawsuit settled for $50,000 and the USAA insurance policy contained arbitration

2

language. The motion requested the court find that (1) Denise was an insured under the subject policy and entitled to pursue underinsured benefits; (2) her claim for UIM benefits was subject to arbitration; (3) Denise complied with all the material terms of the subject policy; and (4) Denise was entitled to recover costs of the suit. Attached to the motion was the Missouri complaint, the State Farm check in the amount of $50,000, the settlement email with notices of lien, and the USAA policy.

¶ 7    On December 28, 2022, USAA filed a motion to compel related to the date Denise allegedly notified USAA of her settlement with State Farm. On February 3, 2023, the court issued an order stating that the parties agreed that "plaintiff never notified USAA of the tentative settlement prior to the settlement being consummated with the underlying tortfeasor. Plaintiff did make prior claims under the policy."

¶ 8    On February 22, 2023, USAA filed its response to Denise's motion for partial summary judgment. The response argued that the policy language was clear and unambiguous, and that the arbitration language required both parties to agree to arbitrate. It then affirmatively stated that USAA did not agree to arbitrate.

¶ 9    On March 2, 2023, Denise moved to file an amended complaint. The first count remained the same and was based on USAA's refusal to arbitrate her UIM claim. The second count alleged breach of contract and contended that USAA materially breached the insurance contract by refusing to provide UIM coverage set forth in her policy and that she was damaged by USAA's breach. The court granted the motion, and the first amended complaint was filed. On March 8, 2023, USAA filed its answer to the amended complaint again denying the majority of the allegations and listing the same eight affirmative defenses as set forth above.

¶ 10    On April 17, 2023, USAA filed a motion for summary judgment. The motion was based on policy language that stated, "EXCLUSIONS B. We do not provide Uninsured ('UM') Coverage or UIM Coverage for any covered person: 1. If that person or the legal representative settles the Bodily Injury or Property Damage claim without our consent." It further argued that Denise failed to notify USAA of any tentative settlement. Finally, it claimed that USAA was prejudiced because it had no opportunity to preserve its rights against the original tortfeasor related to its subrogation rights. Because Denise settled with State Farm for $50,000 and failed to provide notice to USAA or request its consent, USAA argued that no UIM coverage was available for Denise. The motion was supported by emails related to the settlement, the insurance policy, and the release signed by Denise. The sole legal support cited was an unpublished First District appellate court decision from 2014, more specifically, *United National Insurance Co. v. Kemper*, 2014 IL App (1st) 122877-U.[1]

¶ 11    On May 12, 2023, Denise filed her response to the motion. After first noting that USAA cited an unpublished decision that had no value, Denise argued that USAA was well aware of the initial incident as well as the Missouri lawsuit. The case settled for policy value and no prejudice could be shown by the failure to notify USAA of the settlement. In support, she cited *Kenny v. Assurance Co. of America*, 325 Ill. App. 3d 904 (2001), *Progressive Direct Insurance Co. v. Jungkans*, 2012 IL App (2d) 110939, *Home Insurance Co. v. Hertz Corp.*, 71 Ill. 2d 210 (1978), and *Direct Auto Insurance Co. v. O'Neal*, 2022 IL App (1st) 211568. Denise argued the case was more in line with *Guese v. Farmers Inter-Insurance Exchange*, 238 Ill. App. 3d 196 (1992), which stated the issue of the insurer's prejudice was a question of fact that precluded summary judgment.

---

[1]Only nonpublished decisions issued *after* January 1, 2021, may be cited for persuasive purposes. See Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023). Therefore, a 2014 unpublished decision is not citable authority. *Id.* Further, prior to January 1, 2021, no unpublished decision could be cited except for the limited circumstances provided by Rule 23(e). See Ill. S. Ct. R. 23(e) (eff. Apr. 1, 2018).

The response was supported by Denise's statement provided shortly after the automobile accident as well as USAA's estimates related to the damage to Denise's car.

¶ 12 On June 30, 2023, USAA filed its reply which argued that the language of the insurance contract controlled the case. No notice of settlement was provided by Denise, USAA did not provide consent to the settlement, and therefore, according to the policy, no coverage was available. In support, it cited *Tuthill v. State Farm Insurance Co.*, 19 Ill. App. 3d 491, 498 (1974), and *Mulholland v. State Farm Mutual Automobile Insurance Co.*, 171 Ill. App. 3d 600 (1988), which upheld similar language. It further relied on section 143a-2(6) of the Illinois Insurance Code (215 ILCS 5/143a-2(6) (West 2022)), which stated:

> "Subrogation against underinsured motorists. No insurer shall exercise any right of subrogation under a policy providing additional uninsured motorist coverage against an underinsured motorist where the insurer has been provided with written notice in advance of a settlement between its insured and the underinsured motorist and the insurer fails to advance a payment to the insured, in an amount equal to the tentative settlement, within 30 days following receipt of such notice."

It also relied on *Standard Mutual Insurance Co. v. Petreikis*, 183 Ill. App. 3d 272 (1989), which found no coverage where the insured failed to provide notice of settlement.

¶ 13 The motions proceeded to hearing on July 14, 2023, and the court took the matter under advisement. On July 18, 2023, the trial court issued an order granting USAA's motion for summary judgment. Therein, the court relied on *Kemper*, the unpublished decision previously cited by USAA, and *Tuthill*, Denise's admission that she settled the underlying lawsuit without USAA's consent, and that she failed to provide USAA with notice of the potential settlement.

5

¶ 14   On August 17, 2023, Denise filed a motion to reconsider the July 18, 2023, judgment, stating the court misinterpreted the law by failing to address prejudice. Denise's motion argued that USAA submitted no evidence that it would have filed a subrogation claim, or that USAA would have withheld its consent to the settlement, and reiterated case law previously provided. On September 12, 2023, USAA filed its response urging denial of the reconsideration request, again relying on the unpublished decision in *Kemper* and *Tuthill*.

¶ 15   Arguments were provided on September 22, 2023, and the court took the matter under advisement. On September 26, 2023, the trial court issued an order denying the reconsideration. Therein, the court addressed the alleged misapplication of law stating:

> "The Illinois Supreme Court held in *Country Mutual Ins. Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 317 (2006), 'the presence or absence of prejudice to the insurer is one factor to consider when determining whether a policyholder has fulfilled any policy condition requiring reasonable notice. We also hold that once it is determined that the insurer did not receive reasonable notice of an occurrence or a lawsuit, the policyholder may not recover under the policy, regardless of whether the lack of reasonable notice prejudiced the insurer.' "

The remainder of the decision relied on the unpublished decision in *Kemper* and its previous judgment. Denise timely appealed.

¶ 16                                    II. ANALYSIS

¶ 17   On appeal, Denise raises two issues. The first issue contends the trial court erred in granting summary judgment to USAA after finding that her right to receive underinsured coverage was extinguished when she failed to give USAA advance notice of her settlement with the at-fault driver in the absence of the insurer showing prejudice stemming from the failure. Her second issue

6

contends that the trial court erred by failing to require USAA to establish that it was prejudiced by her failure to give advance notice of her settlement with the at-fault motorist.

¶ 18    Summary judgment should only be granted "when there are no genuine issues of material fact to be tried and the movant is entitled to a judgment as a matter of law." *City of Belleville v. Illinois Fraternal Order of Police Labor Council*, 312 Ill. App. 3d 561, 563 (2000). "The purpose of summary judgment is not to try a question of fact, but rather to determine whether a genuine issue of triable fact exists." *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). In determining whether a question of fact exists, "a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent." *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008).

¶ 19    Summary judgment is "a drastic means of disposing of litigation" and should only be granted when the moving party's right to judgment as a matter of law is "clear and free from doubt." *Id.*; see also *Monson v. City of Danville*, 2018 IL 122486, ¶ 12. We review grants of summary judgment *de novo*. *Id.*

¶ 20    Here, it was undisputed that Denise failed to provide notice of the potential settlement of the Missouri litigation to USAA and never obtained USAA's consent prior to entering the settlement with the at-fault driver. The language in the policy related to consent is straightforward and is listed under the exclusions in Part C addressing uninsured motorist (UM) and underinsured motorist (UIM) coverage. The policy language states, "We do not provide UM Coverage or UIM Coverage for any covered person: 1. If that person or the legal representative settles the BI or PD claim without our consent." "BI" is defined in the policy as "bodily injury." "PD" is defined in the policy as "property damage."

7

¶ 21    The language related to the "notice" is found under the limit of liability of Part C and is a bit more convoluted. In Part C, the policy language addressing UIM coverage states:

"B. 3. We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been partially or fully exhausted by payment of judgments or settlements. This (B.3.) does not apply if we have been given written notice of a tentative settlement and advance payment to the covered person in an amount equal to that settlement."

"Tentative settlement" is defined in the policy, on a different page, as:

"an offer from the owner or operator of the underinsured motor vehicle to compensate a covered person for damages incurred because of BI sustained in an accident involving the underinsured motor vehicle."

¶ 22    Toward the back of the policy, on another page, under the headline "Duties after an Accident or Loss," the following language is found:

"We will not be required to provide coverage under this policy unless there has been full compliance with the following duties:

* * *

C. A person seeking UIM Coverage must also give us written notice of a tentative settlement, as defined in Part C, and allow us 30 days to advance payment in an amount equal to that settlement to preserve our rights against the owner or operator of the underinsured motor vehicle."

¶ 23    While the notice requirements are complicated by the use of three separate sections addressing tentative settlement and notice, the same cannot be said of the consent language. Strictly from the consideration of the policy language regarding prior consent, which requires no

8

finding of prejudice, it is difficult to find that the trial court's award of summary judgment in favor of USAA was improper.

¶ 24    However, Denise also argues that USAA was required to show prejudice prior to enforcement of the exclusionary insurance contract language. In support, she relies on *Marsh v. Prestige Insurance Group*, 58 Ill. App. 3d 894 (1978), *Progressive Direct Insurance Co. v. Jungkans*, 2012 IL App (2d) 110939, *Richter v. Standard Mutual Insurance Co.*, 279 Ill. App. 3d 501 (1996), and *Direct Auto Insurance Co. v. O'Neal*, 2022 IL App (1st) 211568. In those cases, the courts found that something more, either prejudice to the insurer or a finding that failure to provide notice was a material breach of the policy language, was required to excuse the insurer's obligations to issue payment under the policy.

¶ 25    While we find the argument compelling, ultimately, the argument fails. The majority of the case law relied upon by Denise was issued prior to the Illinois Supreme Court's decision in *Country Mutual Insurance Co. v. Livorsi Marine Co.*, 222 Ill. 2d 303 (2006). In *Livorsi*, the court addressed the insured's delay in providing notice of the lawsuit to the insurer that potentially fell within the policy limits. *Id.* at 306-07. The insured was claiming that the insurer was required to show prejudice before it would be relieved of its contractual policy obligations. *Id.* at 310-11. The court noted that the majority of case law addressed a delay in providing notice and determined that in making such decision, prejudice to the insurer was a factor to consider. *Id.* at 312-14. The court also noted some case law, including *Rice v. AAA Aerostar, Inc.*, 294 Ill. App. 3d 801 (1998), required the insurer to prove prejudice even if the notice was unreasonably delayed before it would be permitted to escape liability under the policy. It further noted the lack of precedent to support *Rice*'s holding. *Id.* at 315. The court stated,

"We will not permit the anomaly of *Rice* to supersede decades of case law that accords with this court's statement in *Simmon*. The relevant language in *Simmon* states not only that 'lack of prejudice may be a factor in determining the question of whether a reasonable notice was given in a particular case,' but that lack of prejudice 'is not a condition which will dispense with the requirement' of reasonable notice." *Id.* at 316 (quoting *Simmon v. Iowa Mutual Casualty Co.*, 3 Ill. 2d 318, 321 (1954)).

¶ 26    The court continued stating,

"*Simmon* therefore clearly held that even if there is no prejudice to the insurer, a policyholder still must give reasonable notice according to the terms of the insurance policy. The court in *Simmon* did not distinguish between notice of an occurrence and notice of a lawsuit, and we decline to do so today.

Accordingly, we hold that the presence or absence of prejudice to the insurer is one factor to consider when determining whether a policyholder has fulfilled any policy condition requiring reasonable notice. We also hold that once it is determined that the insurer did not receive reasonable notice of an occurrence or a lawsuit, the policyholder may not recover under the policy, regardless of whether the lack of reasonable notice prejudiced the insurer." *Id.* at 316-17.

¶ 27    The court also declined to adopt a prejudice requirement as public policy based on any type of delayed notice. *Id.* at 317. It further declined to extend the prejudice requirement for cooperation clause cases, noting the difference between the cooperation clause in an insurance contract and notice requirements. *Id.* at 320 (addressing its decision discussing prejudice and the cooperation clause in *M.F.A. Mutual Insurance Co. v. Cheek*, 66 Ill. 2d 492 (1977)). Here, the issue is not one involving the cooperation clause. See *M.F.A. Mutual Insurance Co. v. Cheek*, 34 Ill. App. 3d 209,

218 (1975) (addressing the difference between cooperation clauses and notice requirements). Nor does the issue require this court to address the reasonableness of any delay in providing notice. As noted above, Denise conceded that she provided no notice of the underlying settlement to USAA and further conceded that she never obtained USAA's consent before entering into the State Farm settlement. While *Livorsi* spoke of notice related to the occurrence of the incident and notice of a lawsuit, we find its principles and reasoning contained therein applicable to a notice of settlement of a lawsuit for which the insurer had knowledge of the underlying accident and lawsuit. Accordingly, this court's consideration is solely related to the policy language.

¶ 28 We note that two of Denise's cited cases were issued after *Livorsi*. However, we decline to follow the holdings therein. First, *Progressive Direct Insurance Co. v. Jungkans*, 2012 IL App (2d) 110939, fails to cite or acknowledge the principles in *Livorsi*, likely because the case conflated a notice requirement with a cooperation clause due to the insurer's pleadings. *Id.* ¶¶ 9-10, 13; see also *Cheek*, 34 Ill. App. 3d at 218.

¶ 29 Second, *Direct Auto Insurance Co. v. O'Neal*, 2022 IL App (1st) 211568, which relies on *Livorsi*, is distinguishable. In *O'Neal*, the notice required by the contract was given, just not within time frame stated in the contract. Thus, the First District had to determine whether notice given outside the contractual time frame was a material breach. Here, the notice required by the contract was *never* given. In short, pursuant to the holding in *Livorsi*, prejudice may be considered to determine whether *reasonable* notice was given; however, prejudice is not relevant when notice required by the contract was never provided. *Livorsi*, 222 Ill. 2d at 317.

¶ 30 As noted in *Livorsi*, "When construing the language of an insurance policy, a court is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy." *Id.* at 311 (citing *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 153 (2004)).

11

"An insurance policy must be construed as a whole, giving effect to every provision." *Id.* "If the words used in the policy are unambiguous, they are given their plain, ordinary, and popular meaning." *Id.* "Although insurance policies are construed liberally in favor of coverage, this rule of construction comes into play only when the policy language is ambiguous." *Id.* (citing *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005)). Here, the consent language is not ambiguous. Similarly, while the notice provision is complicated by defining terms that address notice throughout the policy, we cannot find the language, when read together, ambiguous.

¶ 31 Essentially, Denise is requesting that this court read a prejudice requirement for notice that is not contained within the policy. However, in *Livorsi*, the Illinois Supreme Court specifically denied a similar request based on public policy arguments. *Id.* at 317. The circuit and appellate courts of the State of Illinois are required to apply binding precedent from the Illinois Supreme Court to the facts of the cases before the circuit and appellate courts. *Yakich v. Aulds*, 2019 IL 123667, ¶ 13. When the Illinois Supreme Court has declared the law on a point, only the Illinois Supreme Court can overrule or modify its precedent on that point. *Id.* Lower judicial tribunals, such as the circuit and appellate courts, are bound by the decisions of the Illinois Supreme Court and must follow those decisions. *Id.* Accordingly, we deny Denise's request that this court require a finding of prejudice to the insurer when it is conceded that the insured provided no notice to the insurer as required by the policy.

¶ 32 Denise's argument also contends that USAA was required to show a material breach in the insurance contract before it would be allowed to exclude her from coverage. However, the argument is couched in a requirement that USAA be prejudiced by Denise's failure to provide notice and/or request consent from USAA, before a material breach of the insurance contract can be shown. As noted above, in *Livorsi*, the Illinois Supreme Court found that a showing of prejudice

12

was not required if an unreasonable delay in notice was found. Here, Denise conceded that she *never* provided notice of the potential settlement to USAA, and *never* requested USAA's consent to the settlement, prior to entering the settlement agreement. Accordingly, we affirm the trial court's order granting summary judgment to USAA.

¶ 33                                    III. CONCLUSION

¶ 34    For the above-stated reasons, we affirm the trial court's order granting summary judgment to USAA.

¶ 35    Affirmed.