2026 IL App (1st) 242194

FIRST DISTRICT,
SIXTH DIVISION
May 29, 2026

No. 1-24-2194

| | | |
|---|---|---|
| AMERICAN ALLIANCE CASUALTY COMPANY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| | ) | No. 2022 CH 07295 |
| JOSE AGUIRRE, HECTOR ENRIQUE QUINONEZ, ADELINA HERNANDEZ, LUIS MERCADO, CHAKERIA HARRIS, THE CITY OF CHICAGO, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| | ) ) | Honorable Sophia Hall, |
| Defendants | ) ) | Judge Presiding. |
| (Luis Mercado, | ) ) | |
| Defendant-Appellant). | ) | |

JUSTICE GAMRATH delivered the judgment of the court, with opinion.
Justice Hyman concurred in the judgment and opinion.
Justice Pucinski specially concurred, with opinion.

## OPINION

¶ 1      This insurance coverage dispute stems from a 2019 collision in which Defendant-Appellant, Luis Mercado, was a passenger in an automobile owned and operated by Defendant Jose Aguirre. Aguirre's vehicle was insured by Plaintiff-Appellee, American Alliance, whose policy requires notice within 30 days of an accident, regardless of fault. Aguirre waited over two years to give notice to American Alliance, prompting American Alliance to file a declaratory

action, asking the court to find it did not owe coverage because of the late notice. American Alliance moved for summary judgment, which the circuit court granted. Mercado appeals, arguing a question of fact exists as to whether Aguirre's failure to notify American Alliance of the accident within 30 days constitutes a material breach of contract. For the following reasons, we affirm the circuit court's decision.[1]

¶ 2                                 I. BACKGROUND

¶ 3        On October 11, 2019, Mercado was a passenger in a vehicle owned and operated by Aguirre. Aguirre's vehicle was insured with the minimum liability coverage of $25,000, as required by Illinois law, pursuant to a policy of insurance issued by American Alliance. While entering an intersection, Aguirre's vehicle was struck on the side by a vehicle owned and operated by Defendant Hector Quinones, who was also insured for $25,000, under a policy issued by State Farm. As a result of this collision, Mercado sustained injuries that required extended hospitalization and resulted in substantial medical expenses.

¶ 4        Three days after the accident, Aguirre contacted his insurance broker, Cresco Insurance Agency, to inform his agent of his involvement in a "bad accident" and to request that automatic premium payments for the relevant policy be discontinued because his car was totaled. Aguirre testified he believed he was notifying his insurer, American Alliance, by contacting Cresco. Cresco should have told Aguirre to notify American Alliance of the accident but did not. However, Aguirre had been in a previous motor vehicle accident where he was told to contact American Alliance, which he did, along with completing an accident form for American Alliance. Aguirre admitted receiving cancellation and reinstatement notices directly from American Alliance, and

_____

[1]This appeal was fully briefed as of August 26, 2025. After a panel reassignment in April 2026, oral argument took place on May 14, 2026, and the decision followed promptly.

his insurance card and policy list American Alliance, not Cresco, as his insurer.

¶ 5        Cresco's owner, Paula Jiminez, testified that Cresco offers insurance policies from multiple insurance companies and customers pay directly to their chosen insurer. Even when Cresco accepts payments, payments are given directly to the insurer. After binding coverage, Cresco provides customers with a copy of the policy declaration page and insurance cards. While the declaration page instructs insureds to contact Cresco with any questions regarding the declaration, insurers understand they are insured by their chosen insurance company, not Cresco. Aguirre's declaration page says, "Welcome to American Alliance Casualty Company!"

¶ 6        The notice provision of Aguirre's insurance policy states:

"*CONDITIONS*

3. A. *Notice of.* As a condition precedent to coverage under every Part of this policy, within 30 days of any accident, occurrence or loss, regardless of fault, the Company must receive *written notice* containing *at least* the following information: a) The time, place and location of the loss; and b) The full name and address of each known person who occupied any vehicle involved in the loss and/or who was present at the scene at the time of the loss; and c) The purpose of the use of the vehicle at the time of the loss; and d) The facts surrounding the loss; and e) Any other information the Company requests in order to concluded its investigation of the loss.

* * *

C. *Written Notice to the Company Defined.* All *written notices* from the insured(s) required by this policy shall be made by certified mail, return receipt requested, or by personal hand delivery with signed receipt. All written notices

must be received by the Company in order to be valid. A receipt which has been signed for by the company shall create a rebuttable presumption that such notice was received by the company, and the date of receipt or the date mailed as evidenced by the envelope, whichever is earlier, shall be the date of the notice. All notices shall be delivered and/or addressed to the company at:

American Alliance Casualty Company

8725 W Higgins Rd, Suite 725

Chicago, Illinois 60631." (emphasis in original)

¶ 7    On October 7, 2021, almost two years after the collision, Mercado sued Aguirre and Quinones, alleging negligence in the operation of their respective vehicles. On November 1, 2021, Aguirre notified American Alliance of the lawsuit by telephone. American Alliance then filed a declaratory judgment action, seeking a finding of no coverage due to Aguirre's failure to notify it of the accident within the 30-day notice requirement as set forth in the policy. In response, Mercado argued that Aguirre's late notice to his insurer, considering all the facts and circumstances surrounding the case, including the lack of prejudice to American Alliance, did not constitute a material breach sufficient to warrant a finding of no coverage. The circuit court disagreed and granted summary judgment for American Alliance. The court reasoned there was no need to dispense with the policy's condition precedent requiring timely notice. Therefore, whether American Alliance was prejudiced was irrelevant. Mercado appeals.

¶ 8                                 II. STANDARD OF REVIEW

¶ 9    Where, as here, an appeal arises from the court's granting of summary judgment, the standard of review is *de novo. Lewis v. Lead Industries Ass'n*, 2020 IL 124107, ¶ 15. Likewise, "where this court must construe the terms of a contract or an insurance policy, as we must do in

this case, the court is presented with a *** question of law, and our review is *de novo*." *West Bend Mutual Insurance Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶ 30 (citing *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391, 399 (2010)).

¶ 10                                                    III. ANALYSIS

¶ 11        Mercado concedes Aguirre's notice to American Alliance was untimely but argues the circuit court erred in granting summary judgment because there is a question of fact as to whether the late notice was so unreasonable that it constitutes a material breach. Mercado contends that without a material breach, American Alliance owes coverage for the crash. See *Direct Auto Insurance Co. v. O'Neal*, 2022 IL App (1st) 211568, ¶ 15 (" '[o]nly a material breach of a contract provision will justify nonperformance  by the other party' " (quoting *InsureOne Independent Insurance Agency, LLC v. Hallberg*, 2012 IL App (1st) 092385, ¶ 33, citing *Israel v. National Canada Corp.*, 276 Ill. App. 3d 454, 461 (1995))).

¶ 12        American Alliance counters, arguing that the 30-day notice provision in Aguirre's policy is an unambiguous condition precedent to coverage that the court correctly enforced. See *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 433 (2010) (if the language of an insurance policy is unambiguous, the court will apply a provision as written unless it contravenes public policy).

¶ 13                                            A. Reasonable Notice

¶ 14        Most Illinois cases involving notice provisions of a personal automobile policy involve a provision that requires notice to be "immediate," "prompt," or "as soon as practicable." In these circumstances, the notice provision is interpreted to mean "within a reasonable time," which depends on the facts and circumstances of each case. See, *e.g.*, *Country Mutual Insurance Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 311-12 (2006) (as soon as practicable); *Barrington Consolidated High School v. American Insurance Co.*, 58 Ill. 2d 278, 282 (1974) (as soon as

practicable); *Stonegate Insurance Co. v. All City Towing, Inc.*, 2024 IL App (1st) 221769, ¶ 58 (prompt); *Farmers Automobile Insurance Ass'n v. Burton*, 2012 IL App (4th) 110289, ¶ 16 (prompt); *Illinois Insurance Guaranty Fund v. Lockhart*, 152 Ill. App. 3d 603, 608 (1987) (immediate).

¶ 15        Factors to consider in determining reasonable notice include (1) the specific language of the policy's notice provision; (2) the degree of the insured's sophistication in the world of commerce and insurance; (3) the insured's awareness of an event that may trigger insurance coverage under the terms of the policy; (4) the insured's diligence in ascertaining whether policy coverage is available; and (5) prejudice to the insurance company. *Livorsi*, 222 Ill. 2d at 313. The failure to provide reasonable notice will defeat the insured's right of coverage, even if the insurer is not prejudiced. *Id.* at 316-17; *Simmon v. Iowa Mutual Casualty Co.*, 3 Ill. 2d 318, 322-23 (1954) (lack of prejudice may be a factor but does not dispense with the reasonable notice requirement); *Stonegate Insurance Co.*, 2024 IL App (1st) 221769, ¶ 57 (same). However, when late notice is reasonable and credibly explained, the insurer may nevertheless be required to provide coverage unless it shows resulting prejudice. *O'Neal*, 2022 IL App (1st) 211568, ¶¶ 9, 25.

¶ 16        The issue here is whether the policy's 30-day notice provision implies that notice must be provided within a reasonable time and whether the *Livorsi* factors apply. Consistent with *O'Neal*, we hold that they do. Although *O'Neal* does not address the *Livorsi* factors in detail, it is apparent that the court relied on them in finding that the breach of a 30-day notice provision was not material. Instead, the court found the late notice was reasonable given the insured's credible explanation for the delay. *Id.* ¶¶ 5, 9. We adopt this same liberal approach to prevent the automatic, unfair denial of personal automobile coverage to insureds who provide late, but reasonable notice.

¶ 17        Notice provisions are often listed as conditions precedent to coverage and serve a valid

purpose. They enable insurers to make a timely investigation of the facts relating to liability and the extent of coverage and protect against fraudulent or invalid claims. *Barrington Consolidated High School*, 58 Ill. 2d at 281; *INA Insurance Co. v. City of Chicago*, 62 Ill. App. 3d 80, 83 (1978). However, insurance policies are not privately negotiated contracts in the traditional sense. In the context of the average insured, insurance policies are adhesion-type contracts in which insurers dictate conditions precedent to consumers. Thus, even a specific 30-day notice provision in a personal automobile policy carries an inherent reasonableness standard. While the 30-day notice provision remains pertinent in evaluating reasonable notice under the *Livorsi* factors, strict enforcement, as American Alliance contends, would substantially diminish the practical value of the policy by indiscriminately denying coverage to insureds who provide late yet reasonable notice.

¶ 18                                B. *Livorsi* Factors

¶ 19          We turn now to the *Livorsi* factors in considering whether Aguirre provided reasonable notice.

¶ 20          The question of reasonable notice is generally a question of fact, but where the facts are uncontroverted, it is a question for the court to decide. *Olivieri v. Coronet Insurance Co.*, 173 Ill. App. 3d 867, 871 (1987). Here, based on the undisputed facts, we find Aguirre's late notice to American Alliance was unreasonable as a matter of law, precluding coverage.

¶ 21          The first *Livorsi* factor requires us to analyze the policy's specific notice provision. The language is clear: it requires written notice within 30 days of any accident, occurrence, or loss, regardless of fault. It is undisputed that Aguirre waited more than two years to notify American Alliance of the accident. Although Aguirre informed Crespo of the accident, Crespo was Aguirre's broker, not an agent of American Alliance. Therefore, notice to Crespo did not constitute notice to

American Alliance. While Crespo should have directed Aguirre to contact American Alliance, that omission does not alter the analysis. This factor weighs heavily in favor of American Alliance.

¶ 22        Under the second factor, the insured's sophistication, Aguirre was previously involved in a motor vehicle accident and, at that time, was told by Cresco to contact American Alliance directly. Aguirre did so and completed forms requested by American Alliance. Aguirre knew what was required of him in the event of an accident, based on his previous experience. He also knew to call Crespo to stop his automatic payments to American Alliance after the latest accident, and knew to call American Alliance two years later, after Mercado sued. Aguirre also received a series of cancellation and reinstatement notices, bearing the name "American Alliance Casualty Company" across the top and containing the physical address, website address, and telephone number of American Alliance. While Mercado argues that Aguirre believed Crespo was his insurance company, "an insured's subjective beliefs must give way to an objective standard of reasonableness based on all the circumstances." *Kerr v. Illinois Central R.R. Co.*, 283 Ill. App. 3d 574, 586 (1996). This factor weighs in favor of American Alliance.

¶ 23        As to the third factor, awareness of an event that may trigger coverage, reasonable insureds would recognize that an accident in which their car was totaled and their passenger hospitalized might trigger coverage. Aguirre especially was acutely aware, as evidenced by his prior accident, his phone call to Cresco asking to stop his insurance payments, and the plain language of the policy requiring notice of any accident, regardless of fault. This factor weighs strongly in favor of American Alliance.

¶ 24        As to the fourth factor, diligence, the record contains nothing that shows Aguirre took prompt action to find out whether policy coverage existed. After the crash, he could have contacted American Alliance, checked his insurance card, read the insurance policy or declaration page, or

asked Crespo for information. He did not take any of these steps until two years later, when he was sued. This factor also favors American Alliance.

¶ 25     As to the fifth factor, prejudice to the insurer, lack of prejudice to American Alliance may be a factor in determining the question of reasonable notice, but it does not dispense with the requirement of reasonable notice. *Livorsi*, 222 Ill. 2d at 316. For decades, courts have held that in the absence of reasonable notice, a showing of prejudice is not required. See *id.*; *Simmon*, 3 Ill. 2d at 321; *Stonegate Insurance. Co.*, 2024 IL App (1st) 221769, ¶ 57; *AMCO Insurance Co. v. Erie Insurance Exchange*, 2016 IL App (1st) 142660, ¶ 29; *Kerr*, 283 Ill. App. 3d at 585. Here, a showing of prejudice is not required because Aguirre's notice was patently unreasonable, particularly considering his two-year delay when compared to the 30-day notice requirement and other *Livorsi* factors.

¶ 26                              IV. CONCLUSION

¶ 27     We hold that when a notice provision in a personal automobile policy specifies a set time, such as 30 days, a standard of reasonableness is embedded into that provision, and the *Livorsi* factors apply. Further, once it is determined that the insurer did not receive reasonable notice, the policyholder may not recover under the policy, regardless of whether the lack of reasonable notice prejudiced the insurer. See *Livorsi*, 222 Ill. 2d at 317.

¶ 28     Because Aguirre's notice was unreasonable as a matter of law, the policy affords no coverage, regardless of any lack of prejudice to American Alliance. Therefore, we affirm the judgment of the circuit court.

¶ 29     Affirmed.

¶ 30     JUSTICE PUCINSKI, specially concurring:

¶ 31     I concur because the caselaw leaves me little choice.

¶ 32 I write this special concurrence in regard to the majority's wishful thinking statement: "While Crespo should have directed Aguirre to contact American Alliance, that omission does not alter the analysis. This factor weighs heavily in favor of American Alliance."

¶ 33 I consider this a wishful thinking statement because I hope it brings to mind in the legislature and in the Illinois Department of Insurance the role of an insurance agent as the agent of the policy buyer. In the competitive industry of auto insurance in Illinois, requiring drivers to buy insurance is a powerful tool that should be accompanied by also requiring policy sellers to provide meaningful assistance, including meaningful directions and information to their clients.

¶ 34 Crespo took Mercado's money but did not go to the next step: telling him to call American Alliance. Crespo told him once before, so the undisputed fact that it did not tell him this time could have meant to him that he did not need to call American this time, misunderstanding that Crespo would do it for him.

¶ 35 A shell game is a shell game. Our law and rules makers could level the playing field by adding sensible requirements for insurance agents.

*American Alliance Casualty Co. v. Mercado*, **2026 IL App (1st) 242194**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2022-CH-07295; the Hon. Sophia Hall, Judge, presiding. |
| **Attorneys for Appellant:** | Tracy A. Robb and John R. Gorey, of Curcio Law Offices, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Donald Patrick Eckler and Joshua W. Zhao, of Freeman Mathis & Gary, LLP, of Chicago, for appellee. |